UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| George N. S. Jones, Sr., <br> *also known as George S. Jones, Sr.*; | ) C/A No.  9:14-191-MGL-BM <br> ) <br> ) |
| Plaintiff, | ) <br> ) **REPORT AND RECOMMENDATION** |
| vs. | ) <br> ) |
| Other inmates; Little B.; Shine; *and others at Lee County Inst.*, | ) <br> ) <br> ) |
| Defendants. | ) |

The Plaintiff, George N. S. Jones, Sr., proceeding *pro se* and *in forma pauperis*,

brings this action pursuant to 42 U.S.C. § 1983.  Plaintiff is a state prisoner incarcerated at the Lee

Correctional Institution ("LCI"), part of the South Carolina Department of Corrections ("SCDC").

Plaintiff seeks monetary damages for alleged violations of his civil rights.[1]

---

[1]Plaintiff also references inmates Jonathan Rowe and possibly another inmate in his Complaint.  However, to the extent that Plaintiff may be attempting to also assert claims on behalf of inmate Jonathan Rowe or another inmate, he may not do so.  *See Laird v. Tatum*, 408 U.S. 1 (1972); *see also Valley Forge Christian Coll. v. Americans United for Separation of Church & State*, 454 U.S. 464, 482 (1982); *Flast v. Cohen*, 392 U.S. 83, 99 (1968)(a district court, when determining whether a plaintiff has standing to sue, must focus on the status of the party who has filed the complaint, such that the merits of the case are irrelevant); *Lake Carriers Ass'n v. MacMullan*, 406 U.S. 498, 506 (1972); *Hummer v. Dalton*, 657 F.2d 621, 625-626 (4th Cir. 1981)(a prisoner cannot act as a "knight-errant" for others).  *Cf. Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975)(a *pro se* prisoner cannot be an advocate for others in a class action).  Therefore, this action has been considered with Plaintiff being the sole named Plaintiff.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915 and § 1915A, the Prison Litigation Reform Act, Pub.L. No. 104–134, 110 Stat. 1321 (1996), and in light of the following precedents:  *Denton v. Hernandez*, 504 U.S. 25 (1992), *Neitzke v. Williams*, 490 U.S. 319 (1989), *Haines v. Kerner*, 404 U.S. 519 (1972), *Nasim v. Warden, Maryland House of Corr.*, 64 F.3d 951 (4th Cir. 1995), and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).  *Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a *pro se* complaint to allow the development of a potentially meritorious case. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)).

However, even when considered pursuant to this standard, this case is subject to summary dismissal.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (outlining pleading requirements under the Federal Rules of Civil Procedure).

### Discussion

Plaintiff alleges that some SCDC inmates, who allegedly stabbed inmate  Jonathan Rowe on July 27, 2007, are threatening him.  Plaintiff further alleges that "medical" refuses to give him sufficient distilled water to run his "C-Pak Machine", which he uses for "Sleep-Aknee," and that he is also unable to get a job as a tutor.



2

Failure to Exhaust Administrative Remedies

First, the Complaint is subject to summary dismissal because Plaintiff has clearly failed to exhaust his administrative remedies. Before a prisoner can proceed with a lawsuit in federal court concerning conditions of confinement he must first exhaust his administrative remedies as required by the Prison Litigation Reform Act, specifically 42 U.S.C. § 1997e(a), which provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." This requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Moreover, exhaustion is required even when a prisoner seeks remedies, such as money damages, that are not available in the administrative proceedings. *See Booth v. Churner*, 532 U.S. 731, 740–41 (2001).

To satisfy this requirement, a plaintiff must avail himself of every level of available administrative review, which means "'using all steps that the agency holds out, and doing so properly.'" *Woodford v. Ngo*, 548 U.S. 81 (2006) (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). Thus, "it is the prison's requirements, and not the [Prison Litigation Reform Act], that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007). Further, while a plaintiff's failure to exhaust administrative remedies is considered an affirmative defense, and not a jurisdictional infirmity; *Id.* at 216; if the lack of exhaustion is apparent on the face of the prisoner's complaint, *sua sponte* dismissal prior to service of the complaint is appropriate. *Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.3d 674, 683 (4th Cir. 2005).

3

As note, Plaintiff is an inmate with the SCDC, and pursuant to SCDC policy, an inmate seeking to complain of prison conditions must first attempt to informally resolve his complaint. Next, an inmate may file a "Step 1 Grievance" with designated prison staff, and if the Step 1 Grievance is denied, the inmate may appeal to the warden of his facility via a "Step 2 Grievance." Here, a plain reading of the Complaint shows that Plaintiff did not properly exhaust his available administrative remedies. Although Plaintiff states he filed a grievance, he admits he did not receive a final institutional answer or determination concerning this matter before filing this lawsuit. Complaint, ECF No. 1 at 2. *Cf., also Tate v. Cartledge*, No. 13-810, 2013 WL 6240670, * 5 (D.S.C. Dec. 3, 2013)(Noting time period for completion of grievance process). Therefore, this case should be dismissed without prejudice for failure to exhaust.

Additionally, even if Plaintiff could show that he has exhausted his available administrative remedies, this Complaint would still be subject to dismissal for the reasons discussed below.

### Claims against other SCDC inmates

The only Defendants cited in the caption of the Complaint are other SCDC inmates who Plaintiff identifies as "Shine," "Little B," and [unidentified] "other inmates." However, to state a valid cause of action under § 1983, a plaintiff must demonstrate that: (1) the named defendants deprived him of a right secured by the Constitution or any law of the United States; and (2) in doing so acted under color of law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970). Fellow inmates are not state officials, and therefore do not act under color of state law for purposes of being a proper Defendant in a § 1983 claim except in limited circumstances. *See, e.g., Mueller v. Schnick*, 2000 WL 250122, 210 F.3d 375 (7th Cir. Feb. 24, 2000)[Table](inmate who broke plaintiff's jaw could

4

not be sued under § 1983 because the plaintiff did not allege that the defendant acted under color of state law or was involved in a conspiracy with state actors), *cert. denied*, 531 U.S. 833 (2000); *Jenkins v. Illinois Dep't of Corrs.*, No. 96C3064, 1996 WL 296572 (N.D.Ill. May 31, 1996)(inmate not directly suable under §1983 because inmate was not a state actor and there was no indication that his alleged conduct was inextricably intertwined with that of prison officials).

For an individual to act under color of law, there must be evidence of a concerted effort between a state actor and that individual sufficient to attribute the actions of that individual to the State. *Adickes*, 398 U.S. at 152. Plaintiff has not set forth any factual allegations to show any such concerted effort between any named state actor (of which there are none in the caption) and the inmates who allegedly are threatening him. *House v. New Castle County*, 824 F.Supp. 477, 485 (D.Md. 1993) [Plaintiff's conclusory allegations insufficient to maintain claim]. Thus, Plaintiff's claims against Defendants Little B, Shine, and "other" [unnamed] inmates should be dismissed. *McGraw v. Zeleand*, No. 91-7589, 1991 WL 274535 (E.D. Pa. Dec. 17, 1991)(dismissing complaint against inmate because he was not a state actor and could not be sued under § 1983).

<u>Potential Claims against SCDC Employees</u>

In an Order filed February 4, 2014, Plaintiff was directed to complete service documents for any individuals he was naming as a Defendant in this action. While not directly named as Defendants in the Complaint, Plaintiff did complete summons and USM-285 forms for Cpl. Barnes, SLED Investigator Mr. Fredrick Montgomery,[2] and Head Investigator Mr. Greer, all of whom appear to be SCDC and/or State employees. Therefore, giving Plaintiff's Complaint the

---

[2]Plaintiff spells this individual's name at various times as "Fredrick Montgomery" and "Freddrick Montgamory."

5

liberal construction to which it is entitled as a *pro se* pleading, the undersigned has considered these three individuals as also having been named as party Defendants.

However, even if these persons were properly named as defendants in this action, they are also entitled to dismissal because Plaintiff fails to state a claim against any of them. Specifically, Plaintiff's pleadings fail to provide any specific factual information to support a claim that these SCDC and/or State employees violated his constitutional rights. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(requiring, in order to avoid dismissal, "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests'" (quoting Fed. R. Civ. P. 8(a)(2)).  Plaintiff merely states Greer and Montgomery were the Chief Investigators for the prison; Complaint, ECF No. 1 at 3, 5; while he makes no allegations at all against Cpl. Barnes.  Additionally, to the extent Plaintiff is claiming that these officials did not properly investigate his claims in accordance with some state law or prison policy, such allegations fail to set forth a claim for a violation of a constitutional right. *See Keeler v. Pea*, 782 F. Supp. 42, 44 (D.S.C. 1992) (violations of prison policies which fail to reach the level of a constitutional violation are not actionable under § 1983).[3] Further, to the extend Plaintiff's Complaint is that he wanted these individuals to bring charges against the inmates who he alleges were harming or threatening him, Plaintiff lacks a judicially

_____

[3]To the extent Plaintiff may instead be attempting to assert a failure to protect claim, he has failed to state a claim because he has not set forth any factual allegations to show that any of these three state actors knew or should have known of the possibility of harm and consciously disregard that risk. *See Farmer v. Brennan*, 511 U.S. 825, 835, 837, 847 (4th Cir. 1994).  Further, the events at issue also appear to have occurred in 2007, or perhaps 2008.  If so, they would be well outside the applicable statute of limitations. State law concerning limitation of actions applies in claims brought under § 1983.  *See Wilson v. Garcia*, 471 U.S. 261, 266 (1985), *partially superseded by statute as stated in Jones v. R.R. Donnelly & Sons, Co.*, 541 U.S. 369, 377-380 (2004).  In South Carolina, the applicable statute of limitations is three years.  *See* S.C. Code Ann. § 15-3-530.

6

cognizable interest in the prosecution or non-prosecution of another. *See Linda, R.S. v. Richard, D.*, 410 U.S. 614, 619 (1973); *Lopez v. Robinson*, 914 F.2d 486, 494, (4th Cir. 1990)("No citizen has an enforceable right to institute a criminal prosecution.").

Therefore, these three individuals, to the extent they have been named as Defendants in this case, are entitled to dismissal as party Defendants.

<u>Medical Claim</u>

Plaintiff also alleges that a "Mr. James Parker" and head nurse "Andrews" are denying him his "medical rights". Apparently he is only receiving 16 oz. jugs of distilled water, which he must turn in before his is allowed to get another jug, for his medical equipment (a sleep apnea machine he uses at night). However, he fails to allege that any of the named Defendants (or the other three (3) persons named in his summons) have been deliberately and intentionally indifferent to any of his serious medical need(s), and even if the Court were to assume Parker and Andrews were supposed to be Defendants, Plaintiff's allegations fail to set forth a viable claim against them for deliberate indifference to a serious medical need. Plaintiff himself indicates he is receiving distilled water from Nurse Andrews, just apparently not in the quantities at a time he wishes to. Indeed, even if Plaintiff's supply of distilled water had been stopped altogether, Plaintiff's allegations do not present the type of transgression that would amount to a *constitutional* violation. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Farmer v. Brennan*, 511 U.S. 825, 837-838 (1994); *Sosebee v. Murphy*, 797 F.2d 179 (4th Cir. 1986); *Levy v. State of Ill. Dept. of Corrections*, No. 96-4705, 1997 WL 112833 (N.D.Ill. March 11, 1997) ("A defendant acts with deliberate indifference only if he or she 'knows of and disregards' an excessive risk to inmate health or safety.'"); *Wright*

7

*v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985) (Disagreements between an inmate and a physician over the inmate's proper medical care do not state a § 1983 claim absent exceptional circumstances).

Plaintiff himself discusses a wide variety of medical care and treatment he is receiving. Plaintiff should address the issue of his distilled water supply with appropriate prison officials through grievances and/or Requests to Staff, as appropriate. *See DeShaney v. Winnebago County Dep't of Social Servs.*, 489 U.S. 189, 200-203 (1989) (§ 1983 does not impose liability for violations of duties of care arising under state law); *Baker v. McClellan*, 443 U.S. 137, 146 (1976) (§ 1983 claim does not lie for violation of state law duty of care).

### Job Claim

Finally, Plaintiff claims that he has been unable to obtain a prison job as a tutor. However, he fails to allege that any of the named Defendants (or persons named in his summons) are responsible for this alleged deprivation. Further, this claim fails in any event because prisoners have no entitlement to a job at a certain pay level, or even to any job. *See Altizer v. Paderick*, 569 F.2d 812 (4th Cir.), *cert. denied*, 435 U.S. 1009 (1978)(custody classifications and work assignments are generally within the discretion of the prison administrator); *Gibson v. McEvers*, 631 F.2d 95, 98 (7th Cir. 1980)("An inmate's expectation of keeping a certain prison job does not amount to a property or liberty interest entitled to protection under the due process clause."); *Alley v. Angelone*, 962 F. Supp. 827, 834 (E.D.Va. 1997)(prisoner did not have a protected interest in continued employment because lack of employment was clearly within the range of confinement which could be expected by most inmates). Therefore, this claim is without merit.



8

**Recommendation**

Based on the foregoing, it is recommended that the Court dismiss Plaintiff's Complaint without prejudice and without issuance and service of process. Plaintiff's attention is directed to the important notice on the next page.

Bristow Marchant
United States Magistrate Judge

May 6, 2014
Columbia, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).



10