

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| GEORGE N.S. JONES, SR., § | |
| Plaintiff, § | |
| § | |
| vs. § | CIVIL ACTION NO. 9:14-191-MGL-BM |
| § | |
| OTHER INMATES, § | |
| LITTLE B., § | |
| SHINE, and § | |
| OTHERS AT LEE COUNTY INSTITUTION, § | |
| Defendants. § | |

ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND DISMISSING PLAINTIFF'S ACTION WITHOUT PREJUDICE
AND WITHOUT ISSUANCE AND SERVICE OF PROCESS

This case was filed as a 42 U.S.C. § 1983 action. Plaintiff is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Plaintiff's action be dismissed without prejudice and without issuance and service of process. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may

accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on May 8, 2014, and the Clerk of Court entered Plaintiff's objections on May 28, 2014. The Court has considered the objections, but finds them to be without merit. Therefore, it will enter judgment accordingly.

Citing *Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.3d 674 (4th Cir. 2005), the Magistrate Judge found that because Plaintiff's failure to exhaust his administrative remedies was evident from the face of his complaint, then *sua sponte* dismissal before service of the complaint was appropriate. *See id*. at 682 ("[I]t is certainly possible that a complaint may clearly show that an inmate has not exhausted his administrative remedies. In such a case, *sua sponte* dismissal . . . would be appropriate."). Assuming, however, that Plaintiff was able to demonstrate that he had exhausted his administrative remedies, the Magistrate Judge suggested that the complaint was still subject to dismissal.

In Plaintiff's objections to the Report, he does not dispute that he failed to exhaust his administrative remedies before filing his complaint. Instead, in what appears to be his response to this issue, he states: "I am and have not [gone] to the Administrative Judge Law Court because he is on the side of the S.C.D.C. System (South Carolina Department of Corrections–Big Boy Systems) and he will den[y] it with prejudice." Objections 3.

Section 1997e(a) of Title 42 requires that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined to any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Because Plaintiff has

failed to establish that he has exhausted those remedies, then the Magistrate Judge is correct in recommending dismissal.

After a thorough review of the Report and the record in this case pursuant to the standards set forth above, the Court overrules Plaintiff's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of this Court that Plaintiff's action is **DISMISSED WITHOUT PREJUDICE** and without issuance and service of process.

**IT IS SO ORDERED**.

Signed this 28th day of August, 2014, in Spartanburg, South Carolina.

s/ Mary G. Lewis
MARY G. LEWIS
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.